COURT OF APPEALS OF VIRGINIA

Present:    Judges Humphreys, Clements and Haley
Argued at Chesapeake, Virginia


QAADIR TARIQ HASAN

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2435-06-1                    JUDGE JEAN HARRISON CLEMENTS
                                                        DECEMBER 27, 2007
COIMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                           C. Peter Tench, Judge

            Charles E. Haden for appellant.

            Kathleen B. Martin, Senior Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Qaadir Tariq Hasan (appellant) was convicted on a conditional plea of guilty of

possession of a firearm by a convicted felon, in violation of Code § 18.2-308.2, and possession

of a concealed weapon second or subsequent offense, in violation of Code § 18.2-308.  On

appeal, appellant contends that the trial court erred in denying his motion to suppress statements

he made to police.  Finding no error, we affirm the judgment of the trial court and appellant's

convictions.

        As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion includes only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On appeal of a trial court's denial of a motion to suppress evidence, "'the burden is upon [appellant] to show that the ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error.'" McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc) (quoting Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980)). Although "we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them," id. at 198, 487 S.E.2d at 261, we review *de novo* the trial court's application of defined legal standards. See Ornelas v. United States, 517 U.S. 690, 699 (1996). In doing so, we consider "the totality of [factual] circumstances." Wass v. Commonwealth, 5 Va. App. 27, 32, 359 S.E.2d 836, 840 (1987).

Statements obtained by police while questioning a detained suspect who has not been informed of his Miranda-enumerated rights, and who is thereafter "subjected to treatment that renders [the suspect] 'in custody' for practical purposes," are inadmissible at trial to establish his guilt. Berkemer v. McCarty, 468 U.S. 420, 429, 440 (1984). This rule is to be applied objectively; "[i]f a reasonable person in the suspect's position would have understood that he or she was under arrest, then the police are required to provide Miranda warnings before questioning." Harris v. Commonwealth 27 Va. App. 554, 564, 500 S.E.2d 257, 262 (1998). Nevertheless, "[q]uestioning in a 'coercive environment' alone is insufficient to trigger the need for Miranda warnings." Wass, 5 Va. App. at 32, 359 S.E.2d at 840 (quoting Oregon v. Mathiason, 429 U.S. 492, 495 (1977)).

The only issue on appeal is whether appellant was "in custody" for practical purposes at the time he was asked about "weapons in the vehicle." In support of his position, appellant cites to factors set forth in Harris, wherein we stated:

> Among the circumstances to be considered when making the
> determination of whether a suspect was "in custody" are (1) the

manner in which the individual is summoned by the police, (2) the familiarity or neutrality of the surroundings, (3) the number of officers present, (4) the degree of physical restraint, (5) the duration and character of the interrogation, and (6) the extent to which the officers' beliefs concerning the potential culpability of the individual being questioned were manifested to the individual. No single factor is dispositive of the issue.

27 Va. App. at 565, 500 S.E.2d at 262 (internal citations omitted).

We find, under the legal standard set forth above, that appellant has not met his burden to show that the trial court's ruling constituted reversible error. Although appellant was told to exit his car under conditions of a "high-risk" traffic stop with between three and eight police officers present, and although he was patted down and handcuffed, appellant was not taken to a patrol car prior to questioning. See Dixon v. Commonwealth, 270 Va. 34, 40-41, 613 S.E.2d 398, 402 (2005) (concluding, under analogous circumstances, that the defendant Dixon had been in custody at the time of questioning, and stating that the court's conclusion was "influenced most strongly by the combined factors of Dixon being restrained in handcuffs and being locked in a police patrol car"). During questioning, police did not attempt to gain information about the armed robbery in which appellant's car was suspected to have been involved; instead, they asked only "general" questions of the sort intended to learn appellant's identity and—as there was still a passenger in the vehicle—to ensure the officers' safety. Moreover, as appellant has conceded, the "duration of the questioning was short," and officers informed him explicitly that he was not under arrest. And while none of these facts is alone dispositive, applying the factors set forth in Harris to the totality of factual circumstances in a light most favorable to the Commonwealth, we cannot say that a reasonable person in appellant's position would understand that he was "in

custody" at the moment he was questioned.  The trial court therefore did not err in denying appellant's motion to suppress.

Accordingly, we affirm the trial court's judgment and appellant's convictions.

<u>Affirmed.</u>